IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JESSICA LEDBETTER | ) | |
| 226 West 2nd Street | ) | CASE NO.: |
| Delphos, Ohio 45833 | ) | |
| | ) | |
| and | ) | JUDGE: Hon. |
| | ) | |
| TIMOTHY LEDBETTER | ) | |
| 226 West 2nd Street | ) | **COMPLAINT WITH JURY DEMAND** |
| Delphos, Ohio 45833 | ) | |
| | ) | Michael A. Bruno (0033780) |
| Plaintiffs | ) | Charles E. Boyk (0000494) |
| | ) | Andrea R. Young (0096334) |
| v. | ) | *Charles E. Boyk Law Offices, LLC* |
| | ) | 1500 Timberwolf Drive |
| BRITTANY JUDITH GAMBOA | ) | Holland, Ohio 43528 |
| 2707 Rohlwing Road | ) | Telephone: (419) 241-1395 |
| Apartment 14 | ) | Facsimile: (419) 241-8731 |
| Rolling Meadows, IL 60008 | ) | mbruno@charlesboyk-law.com |
| | ) | |
| and | ) | *Attorney for Plaintiffs* |
| | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| 175 Berkeley Street | ) | |
| Boston, MA 02116 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiffs JESSICA LEDBETTER and TIMOTHY LEDBETTER, (collectively

"Plaintiffs") bring this Complaint and allege as follows:

**NATURE OF THE ACTION**

1.  This is an action for personal injuries and related economic damages suffered by

    Plaintiffs as a direct and proximate result of Defendant Brittany Judith Gamboa's

    negligence in connection with a motor vehicle accident on July 3, 2021, in Marion

    Township, Allen County, Ohio, which is with the judicial district and division of the

    Court.

**PARTIES**

2.  Plaintiffs Jessica Ledbetter and Timothy Ledbetter, wife and husband, are all citizens of

    the state of Ohio and reside in Delphos, Van Wert County, Ohio which is within the

    judicial district and division of the Court.

3.  Defendant Brittany Judith Gamboa ("Defendant Gamboa") is a citizen of the state of

    Illinois.

4.  Defendant Liberty Mutual is a casualty insurance company with a principal place of

    business in Boston, MA which issued a policy of insurance to Plaintiffs including

    uninsured/underinsured motorist coverage under which Plaintiffs were insured at the time

    of the automobile collision described herein. A copy of the Declarations Page of said

    policy is attached as Exhibit A.

**STATEMENT OF JURISDICTION AND VENUE**

5.  This case is brought under 28 U.S.C. § 1332(a), based upon diversity of citizenship.

    Because Plaintiffs are citizens of Ohio and Defendants are citizens of another state, and

    the amount in controversy (exclusive of interest and costs) exceeds $75,000.00, diversity

    jurisdiction exits in this Court.

6.    The Court has personal jurisdiction over Defendants pursuant to Ohio's long-arm statute,

R.C. § 2307.382, and consistent with the Constitutional requirements of due process.

7.    Venue is proper in the Northern District of Ohio, Western Division, pursuant to 28. U.S.

Code § 1391(b)(2) since the accident occurred in Allen County, Ohio.

## FIRST CAUSE OF ACTION
(Negligence/Negligence *Per Se* of Brittany Judith Gamboa)

8.    Plaintiffs incorporate all the foregoing paragraphs in this cause of action by reference.

9.    In operating a motor vehicle on a public roadway, Defendant Brittany Judith Gamboa

owed a duty of care to others, including Plaintiffs, to operate her vehicle in a safe and

reasonable manner and in accordance with the laws of the State of Ohio.

10.    Ohio Revised Code 4511.43 states in relevant part, that:

"Every driver of a vehicle … approaching a stop sign shall stop at a clearly marked
stop line…After having stopped, the driver shall yield the right-of-way to any vehicle
in the intersection or approaching on another roadway…"

11.    While operating a motor-vehicle on July 3, 2021, at approximately 7:05 p.m., Defendant

Brittany Judith Gamboa collided into the front passenger side of Plaintiffs' vehicle within

the intersection of US 30 and Redd Road, Marion Township, Allen County, Ohio, after

emerging from a stop sign.

12.    At the time of the collision, Plaintiffs' vehicle was properly traveling through the subject

intersection on westbound US 30.

13.    Defendant Gamboa had a common law and statutory duty to operate her vehicle in a safe

and reasonable manner, which included stopping at a stop sign and yielding right of way

to passing traffic.

14.    Defendant Gamboa failed to operate her vehicle in such a manner and collided into the

driver's side of Plaintiffs' vehicle.

15.    Defendant Gamboa was cited for violating R.C. 4511.43.

16.    Defendant Gamboa's violation of the stop sign statute constitutes negligence *per se.*

17.    As a direct and proximate result of Defendant's negligence and/or statutory violations, Plaintiff, Jessica Ledbetter was injured and damaged.

18.    As a direct and proximate result of Defendant's negligence, Plaintiff Jessica Ledbetter suffered serious and permanent injuries to her left foot and left knee, incurred medical bills for the treatment of her injuries, and will incur the cost of future care and medical treatment.

19.    As a direct and proximate result of Defendant's negligence, Plaintiff Jessica Ledbetter, has experienced, and will continue to experience, physical and mental pain and suffering, and has lost the ability to perform or engage in her usual activities, resulting in a diminished quality of life.

20.    Plaintiffs' total damages exceed $75,000.00

## SECOND CAUSE OF ACTION
(Loss of Consortium)

21.    Plaintiffs incorporate all the foregoing paragraphs in this cause of action by reference.

22.    Plaintiffs Jessica Ledbetter and Timothy Ledbetter were married at the time of the collision and remain married.

23.    As a direct and proximate result of Defendant's negligence and/or statutory violations, Plaintiff Timothy Ledbetter has suffered, and continues to suffer, a loss to the companionship, society, services, consortium of his wife that he enjoyed before this accident.

24.    Plaintiffs' total damages exceed $75,000.00.

**THIRD CAUSE OF ACTION**
(Declaratory Relief- Liberty Mutual Insurance)

25.    Plaintiffs incorporate all the foregoing paragraphs in this cause of action by reference.

26. Defendant Liberty Mutual Insurance issued a policy of insurance covering the vehicle Plaintiff Jessica Ledbetter was operating. The policy provided uninsured/underinsured motorists coverage to Plaintiff.  Said policy declaration pages are attached as Exhibit A.

27. Plaintiffs have complied with all conditions precedent for perfecting a claim for uninsured and/or underinsured motorist benefits against Liberty Mutual Insurance policy.

28. At the time of the automobile collision described herein, Defendant Brittany Judith Gamboa was either not covered by liability insurance or had liability policy limits lower than the uninsured/underinsured policy limits under the Liberty Mutual Insurance policy for the vehicle Plaintiff, Jessica Ledbetter was operating.

29. As a direct and proximate result of the uninsured or underinsured Defendant Gamboa's negligence, Plaintiff, Jessica Ledbetter, has incurred or will incur medical expenses and other related damages set forth in this Complaint, and Plaintiff, Jessica Ledbetter, sustained serious and permanent personal injuries set forth herein, for which there is no or insufficient liability coverage.

WHEREFORE, Plaintiffs demand judgment in excess of $75,000.00 in their respective favor and against Defendants as follows:

(A) Defendant Gamboa in amounts to be established by the evidence at the trial of this cause and permitted by law, together with prejudgment interest, and all other relief just and proper in this matter; and

(B)  A declaratory judgment of Plaintiffs' rights stating that Plaintiffs are entitled to uninsured/underinsured motorist's coverage under the policy issued by Defendant Liberty Mutual Insurance.

Respectfully submitted,

/s/ *Michael A. Bruno*
Michael A. Bruno (0033780)
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demands a trial by jury on all issues triable by right.

/s/ *Michael A. Bruno*
Michael A. Bruno
Attorney for Plaintiffs