UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jessica Ledbetter, et al.,                                        Case No. 3:22-cv-2185

        Plaintiffs,

v.                                                          ORDER

Brittany Judith Gamboa, et al.,

        Defendants.

On December 5, 2022, Plaintiffs Jessica and Timothy Ledbetter filed this action, asserting this court has diversity jurisdiction over the matter. (Doc. No. 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). That is, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In the Complaint, Plaintiffs assert, "Defendant Liberty Mutual is a casualty insurance company with a principal place of business in Boston, MA." (Doc. No. 1 at 2). But Plaintiffs fail to state Liberty Mutual's place of incorporation. Therefore, I cannot determine Liberty Mutual's citizenship and, in turn, cannot conclude complete diversity exists.

To avoid dismissal of this action for lack of subject matter jurisdiction, Plaintiffs shall supplement their Complaint by filing an affidavit of jurisdiction on or before January 4, 2023. *See*

Fed. R. Civ. P. 12(h)(3). In this affidavit, Plaintiffs shall state "every State and foreign state by which [Liberty Mutual] has been incorporated." 28 U.S.C. § 1332(c)(1).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
